**Abel Aristides CALDERON–DE LEON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70811.

INS No. A70–541–382.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Abel Aristides Calderon De Leon ("Calderon"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

We review the BIA's factual determinations for substantial evidence, and we must uphold its decision unless Calderon shows that the evidence not only supports reversal, but compels it. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Because Calderon presented no evidence that guerillas kidnaped and forcibly recruited him based on his actual or imputed political beliefs, substantial evidence supports the BIA's determination that he failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. *See Pedro–Mateo*, 224 F.3d at 1151 (attempts to forcibly recruit are insufficient to compel a finding of persecution on account of political belief where there is no evidence of discriminatory purpose).

Substantial evidence also supports the determination that the threats the military made to Calderon's family did not constitute past persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (unfulfilled threats may indicate a danger of future persecution, but generally do not constitute past persecution), and that Calderon failed to present evidence showing an objectively reasonable fear of future persecution by the military, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir.2002).

Because Calderon does not satisfy the standard for asylum, he necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Pedro–Mateo*, 224 F.3d at 1150.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

